# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| *In re BP p.l.c. Securities Litigation* | No. 4:10-md-02185 |
| This document relates to: | |
| *DiNapoli v. BP p.l.c.* | No. 4:14-cv-01083 |
| *Pension Reserves Investment Management Board of Mass. v. BP p.l.c.* | No. 4:14-cv-01084 |
| | Honorable Keith P. Ellison |

## PLAINTIFFS MassPRIM AND NYSCRF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

2220381.1

Pension Reserves Investment Management Board of Massachusetts ("MassPRIM") and Thomas P. DiNapoli, Comptroller of the State of New York, as Administrative Head of the New York State and Local Retirement Systems and sole Trustee of the New York State Common Retirement Fund ("NYSCRF") (collectively, "Plaintiffs"), respectfully submit this opposition to Defendants' motion to dismiss, filed September 28, 2016 ("Motion"). With respect to MassPRIM and NYSCRF's complaints, the Motion seeks dismissal of only one allegation common to both, namely the allegation relating to BP's 2009 Sustainability Report. *See* Defendants' Memorandum of Law in Support of Their Motion to Dismiss Plaintiffs' Amended Complaints, dated September 28, 2016 ("Def. Br.") at 46-47. Defendants do not challenge any other aspect of MassPRIM or NYSCRF's complaints.

MassPRIM and NYSCRF included the allegation relating to BP's 2009 Sustainability Report on the strength of testimony from the 2014 deposition of David Bickerton ("Bickerton"), BP's Director of Communications who managed the publication of corporate reports, including the 2009 Sustainability Report. That testimony—which was obtained in MDL 2185 *after* this Court dismissed a similar allegation in *In re BP p.l.c. Sec. Litig.*, 922 F. Supp. 2d 600, 632 (S.D. Tex. 2013) ("*BP III*")—makes clear that the 2009 Sustainability Report required Defendant Tony Hayward's ("Hayward") approval before publication. It thus cures the defect identified by this Court in *BP III*, namely the failure to link the 2009 Sustainability Report with Hayward.

Accordingly, Defendants' Motion should be denied to the extent it seeks dismissal of allegations based on the 2009 Sustainability Report.

I.  ARGUMENT

    1.  **MassPRIM and NYSCRF Have Adequately Alleged Scienter for the Statements Contained in BP's 2009 Sustainability Report**

In *BP III*, this Court explained that allegations based on BP's 2009 Sustainability Report failed to create a "strong inference that [the false statements therein] were created, approved, or issued with the required state of mind." *Id.* at 632. There, plaintiffs alleged that the required state of mind was adequately pleaded because Hayward attended meetings of the Safety and Ethics & Environment Assurance Committee ("SEEAC") that reviewed and approved the Report. *Id.* The Court rejected that argument, noting that "although Hayward attended . . . these meetings, the only detail given regarding his role is that he served as a liaison to the SEEAC from the [Group Operations Risk Committee] and that he reported to SEEAC regarding a change in the focus of the 2009 Sustainability Review [a different document]." *Id.* These allegations were insufficient to link Hayward to the Report because they failed to create an inference that "Hayward played any role in the committee's discussion of and approval of the content of the 2009 Sustainability Report." *Id.*

Here, MassPRIM and NYSCRF have explicitly remedied what the Court held was missing, namely an allegation that Hayward played "any role" in the "approval of the content" of the Report, by including **sworn testimony** from Bickerton that "[t]he chief executive [Hayward] ultimately would be responsible for signing off [on the 2009 Sustainability Report]." MassPRIM, ¶ 331(i); NYSCRF, ¶ 333(i). Thus, unlike in *BP III*, where it was "not clear that Hayward played any role," here it is unambiguously and clearly alleged that Hayward personally approved the Report. MassPRIM, ¶ 331(i) (alleging that "Hayward approved the [2009 Sustainability

3

R]eport"); NYSCRF, ¶ 333(i) (same).[1] Accordingly, MassPRIM's and NYSCRF's claims based on the 2009 Sustainability Report should not be dismissed.

Defendants' argument to the contrary makes no sense. Defendants argue that the "mere fact that Sustainability Reports were the type of document that Hayward 'would be responsible for' approving does not 'specifically link' Hayward to '*this* report, as required by *Southland* [*Sec. Corp. v. INSpire Ins. Solutions, Inc.*, 365 F.3d 353, 361 (5th Cir. 2004)]." Def. Br. at 46 (quoting *BP III*, 922 F. Supp. 2d at 631). As an initial matter, the quote from *BP III* that Defendants rely on related to an allegation in that case that "SEEAC was responsible for . . . 'material to be placed before shareholders that addresses environmental, safety and ethical performance.'" *BP III*, 922 F. Supp. 2d at 631 (internal quotations omitted). In other words, the allegation was that SEEAC—and not even any specific individual member of SEEAC—was responsible for documents that generally addressed the same type of subject matter as the subject matter covered by the document at issue (the 2006 Sustainability Report). The Court understandably held that such an allegation was a "general allegation" that failed to adequately link SEEAC to that document. *Id.* More to the point, contrary to Defendants' straw-man characterization, MassPRIM and NYSCRF have not merely alleged that sustainability reports were generally the "type of document" that Hayward was responsible for, but have instead alleged, based on the sworn testimony of BP's Director of Communications, that they were

---

[1] MassPRIM and NYSCRF have additionally alleged that Hayward personally attended SEEAC meetings, and was "executive liaison" or "Special Liaison" to the SEEAC, lending further support to Hayward's scienter. MassPRIM, ¶¶ 37, 84, 149, and 304(a); NYSCRF, ¶¶ 39, 85, 150, and 305(a).

2220381.1

documents that *specifically required* Hayward's approval.[2,3] As a result, MassPRIM and NYSCRF have adequately alleged scienter for statements contained in the 2009 Sustainability Report. *See, e.g.*, *Southland*, 365 F.3d at 365 ("statements within documents not attributed to any individual may be charged to one or more corporate officers provided specific factual allegations link the individual to the statement at issue"); *cf. BP III*, 922 F. Supp. 2d at 632 (dismissing statements contained in the 2009 Sustainability Report for lack of allegation that "Hayward played any role in the . . . discussion of and approval of the content of the 2009 Sustainability Report.")

## II.  CONCLUSION

For the foregoing reasons, Defendants' Motion should be denied to the extent it seeks dismissal of allegations relating to the 2009 Sustainability Report.

---

[2] *See also* Deposition of David Bickerton in MDL 2185 at 14:19-15:21 ("**Q.** During the period of 2007 through 2010, insofar as final approval of annual reports, **what was required** in terms of ultimate sign-off authority? **A.** For the annual report? The ultimate sign-off authority is the board of BP . . . . **Q.** What about with regard to the sustainability reports during that same period of time? **A.** The sustainability report was signed off by the executive team. **Q.** Okay. Would that include the chief executive, Tony Hayward? **A.** The chief executive ultimately would be responsible for signing that off, yes.") (emphasis added).

[3] Defendants' footnote 38 is irrelevant for the same reason, as all the cases cited therein involved allegations that the defendant acted with scienter because the defendant generally had "power and authority" over, or was "involved in," the creation of certain documents. None of those cases alleged that the document *required* the defendant's sign off, as is alleged here.

2220381.1

Dated: March 9, 2017

Respectfully submitted,

*/s/ Julie Goldsmith Reiser*
Steven J. Toll
Daniel S. Sommers
Julie Goldsmith Reiser
Joshua S. Devore
S. Douglas Bunch
Times Wang
**COHEN MILSTEIN SELLERS & TOLL PLLC**
1100 New York Avenue N.W.
West Tower, Suite 500
Washington, D.C. 20005-3964
Tel.: (202) 408-4600
Fax: (202) 408-4699

*Counsel for MassPRIM and NYSCRF*

2220381.1

## CERTIFICATE OF SERVICE

      I certify that a true and correct copy of the foregoing was filed and served via CM/ECF on March 9, 2017.

                                            */s/ Julie Goldsmith Reiser*
                                            Julie Goldsmith Reiser